**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CR-19-06-R** |
| | ) | **CIV-22-762-R** |
| **CHARLES LEONARD LAWSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>ORDER</u>**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or
Correct Sentence by a Person in Federal Custody. (Doc. No. 79). Upon consideration of
Defendant's filing, the motion is hereby denied.

Defendant pled guilty to a single count of being a felon in possession of a firearm
in violation of 18 U.S.C. § 922(g)(1). The Court originally sentenced him to 180 months
imprisonment, but on appeal the Tenth Circuit concluded that Defendant was not subject
to the Armed Career Criminal Act, 18 U.S.C. § 922(e)(1), and remanded the matter for
resentencing. (Doc. No. 50). On resentencing the Court imposed a sentence of 120 months
imprisonment. (Doc. No. 62). The Tenth Circuit dismissed Mr. Lawson's appeal from his
re-sentencing pursuant to the waiver contained in his plea agreement. (Doc. No. 77). Via
the instant motion Defendant raises three grounds: (1) Congress lacked jurisdiction to pass
§ 922(g) into law because the statute was not passed in accordance with the laws governing
the commerce clause powers; (2) his guilty plea violated due process because he did not
admit to all of the elements of a § 922(g)(1) offense; and (3) ineffective assistance of

counsel in the negotiation of his plea. Defendant contends that the issues were not raised on appeal because appellate counsel was ineffective.

Rule 4 of the Rules Governing Section 2255 Proceedings requires a *sua sponte* review of § 2255 claims. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Rule 4(b).

Without regard to Defendant's waiver of his right to seek collateral review, his claims lack merit. The Tenth Circuit decision in *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995), forecloses Defendant's first contention, that Congress acted without authority when it enacted § 922(g). In *Bolton,* the court concluded that "922(g)'s 'requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause.'" *Id.* (quoting *United States v. Hanna*, 55 F.3d 1456, 1462 n. 2 (9th Cir..), *amended*, 1 F.3d 1247 (9th Cir. 1995)); *see also United States v. Moore*, 855 F. App'x 460, 461 (10th Cir. Aug. 10, 2021); *United States v. Griffith*, 928 F.3d 855, 965 (10th Cir. 2019). Accordingly, Defendant is not entitled to relief on his first ground.

Defendant next contends that his guilty plea violated due process because he did not admit to all of the elements of a § 922(g)(1) offense in entering his plea. Specifically, Defendant argues that he did not admit during his plea that at the time he possessed the firearm he was aware of his status as a felon. (Doc. No. 20). *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Defendant's success on this claim is foreclosed by the

supplemental plea colloquy that occurred at the time of sentencing. During the December 17, 2019 sentencing hearing the following exchange occurred:

> THE COURT: This matter comes on pursuant for sentencing. However, there is an issue in regard to whether we established a factual basis for the defendant's plea at the time we took his plea. How do you suggest we handle this?
> MR. ALTSHULER: Your honor, in the past cases that I've had with these circumstances, I simply made a short plea colloquy of questionings to the defendant directing his attention to his prior conviction and whether he understood that he was a convicted felon prior to the time he possessed the firearm, Your Honor.
> THE COURT: All right. Why don't we -- do you agree with that, Ms. Brown?
> MS. BROWN: Yes, Your Honor.

Doc. No. 48, p. 3. Defendant was sworn in and Mr Altshuler, on behalf of the United States, asked him preliminary questions regarding a conviction in Oklahoma County District Court, for possession with intent to distribute cocaine, felony case 2001-5153, for which he was sentenced on March 20, 2002. *Id.* pp. 4-5. Mr. Lawson thereafter admitted that he knew he was a convicted felon on February 27, 2018, when he possessed the firearm as charged in this case.[1] *Id.* p. 5.

Finally, Defendant asserts he received the ineffective assistance of counsel with regard to negotiation of the plea because counsel never informed him that Congress lacked legislative jurisdiction or that the government was required to establish all of the elements of the offense. To prevail on his ineffective assistance of counsel claim Defendant must

---

[1] By not raising the issue on appeal Defendant has defaulted thereon. Although he relies on the alleged ineffective assistance of counsel claim to support cause and prejudice sufficient to overcome the procedural default, he cannot establish prejudice. As noted, prior to imposition of the sentence Defendant conceded that he was aware of his felon status when he possessed the firearm. Furthermore, as noted by the Supreme Court, "[i]f a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021)(internal quotation marks omitted).

establish that counsel's performance was constitutionally deficient—that is it "fell below an objective standard of reasonableness" and further that counsel's deficient performance actually prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 688, 691-92 (1984). Under this standard Defendant cannot prevail on his third ground for relief.

With regard to the absence of legislative jurisdiction, as noted above the argument lacks merit, and accordingly, counsel could not be constitutionally ineffective in failing to raise the issue. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (explaining that trial counsel was not ineffective for failing to raise a meritless argument); *Hale v. Gibson*, 227 F.3d 1298, 1321-22 (10th Cir. 2000) (finding a petitioner could not show *Strickland* prejudice based on counsel's failure to object to the admission of evidence when admission was proper and any objection would have been overruled). With regard to counsel's failure to inform Defendant that the Government was required to prove that Defendant was aware of his felony conviction, counsel was not constitutionally ineffective for failing to anticipate a change in the law. Defendant pled guilty on March 6, 2019. The Supreme Court heard oral argument in *Rehaif* on April 23, 2019 and issued a decision on June 21, 2019. Accordingly, at the time of Defendant's original plea hearing the law did not require that the Government prove that Defendant was aware of his status as a felon. "A failure 'to predict future law' is not ineffective assistance of counsel." *United States v. Douglas*, 825 F. App'x 600, 602 (10th Cir. 2020) (quoting *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002)). Finally, as set forth above, at sentencing Defendant conceded his knowledge of his status as a felon and therefore any failure to elicit the information

from him during the plea hearing was cured by his admission at the sentencing hearing. Accordingly, Defendant is not entitled to § 2255 relief on Ground Three of the motion.

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that burden, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court considers this question sua sponte in denying this § 2255 motion and finds that Defendant failed to make this showing. Accordingly, the Court hereby denies a Certificate of Appealability.

For the reasons set forth above, the Motion to Vacate pursuant to 28 U.S.C. § 2255 is hereby DENIED. Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 13th day of September 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE